**19SL-CC04808**

Electronically Filed - St Louis County - October 22, 2019 - 03:23 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| DIANNE WYNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| AMERICAN AIRLINES, INC., | ) | Division No. _____ |
| | ) | |
| Defendant. | ) | |

**Serve Defendant's registered agent:**
**C T Corporation System**
**120 South Central Avenue**
**Clayton, Missouri  63105**

## CLASS ACTION PETITION

For her class action petition, Plaintiff states:

### The Parties

1. Plaintiff is an individual residing in St. Louis County, Missouri.

2. Defendant American Airlines, Inc. ("American") is a Delaware corporation with its registered agent in St. Louis County, Missouri.

3. Plaintiff is a former American flight attendant.

### Class Action Allegations

4. Plaintiff brings this action on her own behalf and on behalf of a putative class of similarly situated persons.

5. The putative class (the "Class") consists of all individuals who worked as flight attendants for American or its affiliates and separated from employment, prior to age 55, pursuant to American's 2003 voluntary separation program (the "Separation Program").



EXHIBIT A

6.   The Class is so numerous that joinder of all members is impracticable. On information and belief, in or about 2003, more than 100 flight attendants separated from employment pursuant to American's Separation Program.

7.   The questions of law and fact common to the Class predominate over any questions affecting only individual members.

8.   Plaintiff's claim is typical of those of the Class.

9   Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

10.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## Claim for Relief

11.   Plaintiff repeats the allegations set forth in paragraphs 1-10 above and incorporates them herein by reference.

12.   In the Spring of 2003, American offered the Separation Program as an incentive for eligible flight attendants to terminate their employment early in exchange for specified cash payments, a pension enhancement, retiree medical benefits, life insurance, and specified travel privileges.

13   Plaintiff and the members of the Class met all of the Separation Program eligibility requirements.

14.   In the Spring of 2003, Plaintiff and the members of the Class accepted American's offer by signing a special form for that purpose provided by American. A copy of the form signed by Plaintiff is attached as Exhibit 1.

15. In executing the acceptance forms provided by American, such as Exhibit 1, Plaintiff and the members of the Class thereby entered into contracts with American, whereby American promised to provide the benefits and other consideration set forth in the form in exchange for Plaintiff's and the Class members' agreement to retire early.

16. Plaintiff and the members of the Class performed their obligations under those contracts in all material respects. Among other things, Plaintiff and the members of the Class resigned from their positions with American.

17. Plaintiff and the members of the Class separated from employment with American before reaching age 55.

18. One of the benefits American agreed to provide as part of the Separation Program were: "Ten round trip Class D2 [flying] passes each calendar year for use by [Plaintiff and the Class] and eligible family members ...." *See* Exhibit 1.

19. A travel pass entitles the holder to free travel if an unsold seat is available on an American flight. There are several categories of travel passes, each of which entitles the holder to board in a specified order of priority. For example, "DI" passes have priority over "D2" passes.

20. American's active employees and their dependents have historically received, and continue to receive, among other things, a limited number of D1 passes per year and an unlimited number of D2 passes.

21. American's retirees historically received, among other things, an unlimited number of D2 passes for themselves (during their lifetime) and their dependents (during the retiree's lifetime and after the retiree's death).

Electronically Filed - St Louis County - October 22, 2019 - 03:23 PM

22. Historically, American generally did not provide any travel passes to former employees who had not reached retirement age when their employment ended. The Separation Program was an exception. Under the Separation Program, Plaintiff and the members of the Class became entitled to D2 passes even though they separated from employment before they had reached retirment age.

23. In September 2014, American unilaterally, and without notice, downgraded the travel passes of Plaintiff and the members of the Class (as well as other former employees) to a newly-created category called D-2R. Active employees and their dependents continued to have D2 passes, which had priority over D-2R passes.

24. By making this change, American made it much more difficult for Plaintiff and the members of the Class (and their spouses and dependents) to use their passes for travel on desirable flights -- including but not limited to flights to and from American's hubs, and satellite bases such as St. Louis -- because the number of D1 and D2 pass holders seeking to board these flights frequently exceeded the number of unsold seats.

25. American's unilateral downgrading of the travel passes was not contemporaneously communicated to Plaintiff and the members of the Class. Plaintiff did not learn of the downgrade until July 2015 when she went on American's retiree website to list herself for a flight from St. Louis to Los Angeles, and saw that her status was no longer D2, but had been changed to D-2R.

26. By making this change, American breached its contracts with Plaintiff and the members of the Class.

27. Plaintiff and the members of the Class have been damaged by American's breach of contract.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

A. Certify this case as a class action with the Class defined as "all individuals who worked as flight attendants for American Airlines, Inc. or its affiliates and separated from employment, prior to age 55, pursuant to American Airlines, Inc.'s 2003 voluntary separation program";

B. Order American to specifically perform its contract to provide Ten round trip Class D2 flying passes each calendar year for use by Plaintiff and the members of the Class and eligible family members;

C. Award Plaintiff and the members of the Class damages and reasonable attorneys' fees and costs incurred by them in prosecuting this action; and

D. Award Plaintiff and the members of the Class such further legal, equitable, or other relief as is just and proper.

Respectfully Submitted,

JACOBSON PRESS P.C.

By: /s/ Allen P. Press
Allen P. Press, MO Bar No. 39293
168 N. Meramec Avenue, Suite 150
Clayton, Missouri 63105
Phone: 314-899-9789
Fax: 314-899-0282
Press@ArchCityLawyers.com

STONE, LEYTON & GERSHMAN, P.C.
Joe Dulle, MO Bar No. 38416
7733 Forsyth Blvd., Suite 500
Clayton, Missouri 63105
Phone: 314-721-7011
Fax:   314-721-8660
Jdulle@stoneleyton.com

Attorneys for Plaintiff