UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DIANNE WYNN, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-00296-SRC |
| | ) | |
| AMERICAN AIRLINES, INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant American Airlines, Inc.'s ("American") Motion to Dismiss for Lack of Jurisdiction [15]. The Court grants the Motion.

**I.    BACKGROUND**

Plaintiff Dianne Wynn is a former flight attendant who retired from American in 2003 as part of a voluntary "Separation Program." Wynn alleges that American promised her certain travel benefits as an incentive to retire early under the program, including ten roundtrip travel passes each year. In 2014, American unilaterally downgraded the boarding priority of these travel passes. Wynn brings a breach of contract claim against American on behalf of herself and other flight attendants who retired from American under the 2003 Separation Program. American moves to dismiss Wynn's Complaint for lack of jurisdiction, arguing that Wynn's claim is preempted by the Railway Labor Act (RLA), 45 U.S.C. § 151, et seq.

**II.    STANDARD**

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action based on lack of subject matter jurisdiction. The Eighth Circuit has held that "[i]n deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it

1

looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018). To survive a motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction has the burden of establishing that subject matter jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). Here, both Wynn and American have submitted and rely upon materials outside the pleadings. Specifically, both parties have attached to their briefing portions of the collective bargaining agreement (the "CBA") between American and the flight attendants' union. *See* Docs. 16-1, 16-2, 19-1. Thus, the Court considers American's Motion to Dismiss as a factual attack on the Court's subject matter jurisdiction.

### III.    DISCUSSION

The Motion presents the issue of whether the RLA preempts Wynn's claim. In relevant part, the RLA provides:

> disputes between an employee or group of employees and a carrier or carriers by air growing out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions ... shall be handled in the usual manner up to and including the chief operating officer of the [airline]; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to an appropriate adjustment board….

45 U.S.C. § 184. "Congress' purpose in passing the RLA was to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994). The Supreme Court has "made it clear that this statutory grievance procedure is a mandatory, exclusive, and comprehensive system for resolving grievance disputes." *Bhd. of Locomotive Engineers v. Louisville & N. R. Co.*, 373 U.S. 33, 38 (1963).

The RLA categorizes grievance disputes as either "major" or "minor." 45 U.S.C. § 151a. Major disputes relate to "the formation of collective [bargaining] agreements or efforts to secure

2

them." *Hawaiian Airlines, Inc.*, 512 U.S. at 252 (quoting *Consol. Rail Corp. v. Ry. Labor Executives' Ass'n*, 491 U.S. 299, 302 (1989)).  Minor disputes involve "controversies over the meaning of an existing collective bargaining agreement in a particular fact situation."  *Id.* at 253 (quoting *Trainmen v. Chicago R. & I.R. Co.*, 353 U.S. 30, 33 (1957)).  "Thus, major disputes seek to create contractual rights, minor disputes to enforce them."  *Id.* (citation and quotation marks omitted).  Minor disputes must be resolved through the RLA grievance procedures, preempting state-law actions.  *Id.*

American argues that Wynn's breach of contract claim is a "minor dispute" under the RLA and therefore preempted.  The resolution of this issue turns on whether this dispute requires interpretation of the CBA.  *Hastings v. Wilson*, 516 F.3d 1055, 1060 (8th Cir. 2008).  Wynn alleges that she entered into a contract with American by her participation in the Separation Program, and American breached that contract when it altered the boarding priority of her travel passes.  Doc. 6.  American argues that resolution of Wynn's breach-of-contract claim will necessarily involve interpretation of the CBA.  Wynn's Complaint does not directly reference the CBA.

Under the RLA, an airline may not enter into any contract with an individual employee regarding the terms or conditions of employment that supersedes the terms of an existing collective bargaining agreement.  *Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 346–47 (1944); *see also Wyatt v. United Airlines, Inc.*, No. 7:13-CV-282-F, 2014 WL 3955078, at *5 (E.D.N.C. Aug. 13, 2014) ("It is well settled that an airline may not make individual agreements with employees that supersede the collective bargaining agreement.").  Thus, to the extent Wynn alleges that her Separation Program agreement with American constitutes a separate contract, resolution of her breach-of-contract claim will still require

3

interpretation of the CBA—i.e., to determine whether the terms of that agreement are consistent with the CBA.  Accordingly, the Court finds that Wynn's breach-of-contract claim against American constitutes a "minor dispute" under the RLA.

Wynn concedes that "minor disputes" under the RLA are subject to the mandatory and exclusive jurisdiction of the adjustment board.  Doc. 19 at 1.  However, she argues that RLA preemption does not apply here for two reasons.  First, Wynn argues that she is not an "employee" subject to the RLA's grievance procedures.  Second, Wynn argues that, because she is not a "flight attendant" under the CBA, she is not eligible for the CBA's dispute resolution procedures and therefore submitting her claim to the adjustment board would be futile.  Controlling authority forecloses both of Wynn's arguments.

The RLA governs "disputes between an *employee* or group of employees and a carrier or carriers by air".  45 U.S.C. § 184 (emphasis added).  The RLA defines "employee" to include "every person in the service of a carrier (subject to its continuing authority to supervise and direct the manner of rendition of his service) who performs any work…." 45 U.S.C. § 151.  Because she is retired, Wynn argues that she does not meet the RLA definition of "employee" and thus the RLA does not cover her dispute with American.  In *Pa. R. Co. v. Day*, 360 U.S. 548, 552 (1959), the Supreme Court held that the adjustment board had exclusive jurisdiction over a dispute between a carrier and a retired employee where resolution of the dispute required interpretation of the applicable collective bargaining agreement.  The Court reasoned that "[a]ll the considerations which led Congress to entrust an expert administrative board with the interpretation of collective bargaining agreements," including subject-matter expertise and the need for uniformity, applied with equal force regardless of whether the employee was active-duty or retired.  *Id.* at 551-52.

4

Wynn argues that the holding of *Day* should be limited to its particular facts (where the employee's administrative claim was already pending when he retired) and further argues that *Day* was impliedly overruled by *Allied Chem. & Alkali Workers of Am., Local Union No. 1 v. Pittsburgh Plate Glass Co., Chem. Div.*, 404 U.S. 157 (1971). In *Allied Chemical*, the Supreme Court determined that the term "employee," as used in the National Labor Relations Act (NLRA), did not include retired workers. *Id.* at 166. *Allied Chemical* did not expressly overrule *Day,* or even mention that decision. The Court need not consider Wynn's argument that *Allied Chemical* impliedly overruled *Day*, because the Eighth Circuit expressly reaffirmed *Day's* holding in *Bloemer v. Nw. Airlines, Inc.*, 401 F.3d 935, 939 (8th Cir. 2005). In *Bloemer*, decided more than thirty years after *Allied Chemical*, the Eighth Circuit stated: "Once applicable, RLA preemption includes suits by terminated and retired employees." *Id.* (citing *Day*, 360 U.S. at 552).

As for Wynn's suggestion that *Day* does not apply here because her claim accrued after retirement, *Bloemer* also forecloses this argument. In *Bloemer*, twelve former airline employees filed suit after the airline made unilateral changes to its pension system. 401 F.3d at 936. Some of the *Bloemer* plaintiffs had already retired before the airline made these changes. *Id.* at 939. After the district court dismissed the entire suit for lack of subject matter jurisdiction, the Eighth Circuit affirmed, holding that the RLA preempted all plaintiffs' claims, including those who retired before the changes. *Id.; see also Wyatt*, 2014 WL 3955078 at *4 ("federal courts have consistently held that *Day* precludes retirees from bringing claims based on disputed interpretations of the collective bargaining agreements in federal court, regardless of whether their disputes originated after their retirement") (collecting cases). Thus, the RLA's mandatory

grievance procedures preempt Wynn's breach-of-contract claim even if that claim accrued after her retirement.

Finally, Wynn argues that, because she is not a "flight attendant" under the CBA, submitting her claim to the adjustment board would be futile. The CBA sets forth a grievance procedure for disputes "between a Flight Attendant and the Company". Doc. 16-2 at § 28.2.a. Grievances that remain unresolved may be appealed to the adjustment board. *Id.* at § 29. Because she is retired, Wynn argues that she is not a "Flight Attendant" for purposes of the CBA, and thus has no access to the CBA's administrative procedures. Doc. 19 at 6-7. The Supreme Court has recognized a narrow exception to RLA preemption where "the effort to proceed formally with contractual or administrative remedies would be wholly futile." *Glover v. St. Louis-San Francisco Ry. Co.*, 393 U.S. 324, 330, (1969). However, "[i]t is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement." *Id.* (quoting *Vaca v. Sipes*, 386 U.S. 171, 184 (1967)).

Thus, federal courts have found that the futility exception does not apply where the plaintiff has made no attempt to exhaust administrative remedies. *See, e.g., Bowe v. Nw. Airlines, Inc.*, 974 F.2d 101, 103 (8th Cir. 1992) (upholding facial attack on subject matter jurisdiction where complaint did not allege futility exception); *Emswiler v. CSX Transp., Inc.*, 691 F.3d 782, 791 (6th Cir. 2012) (futility exception inapplicable absent "clear and positive showing of futility. … It is insufficient to show that a party subjectively thought procedures would be futile."); *Santiago v. United Air Lines, Inc.*, 77 F. Supp. 3d 694, 703 (N.D. Ill. 2014) (futility exception did not apply where plaintiff did not "at least attempt" to exhaust administrative remedies). Wynn bears the burden of establishing that subject matter jurisdiction exists. *V S Ltd. P'ship*, 235 F.3d at 1112. Here, Wynn has neither alleged in her Complaint nor

6

offered evidence that she ever attempted to utilize the CBA's grievance procedures. Accordingly, the Court finds that the futility exception is inapplicable and the RLA preempts Wynn's claims, and the Court dismisses this case without prejudice.

So Ordered this 22nd day of April, 2020.

_SL R. CL_

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**